UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| A. DOE minor child of S. Doe and <br> S. DOE parent of minor child Aiden Doe, <br> Plaintiffs, <br><br> v. <br><br> JEAN MCGUIRE, Executive Director, METCO, Inc.; <br> METCO, INC., Board of Directors in their Individual and <br> Official Capacity; JESSICA MURPHY, Director of <br> Special Education, in her Individual and Official Capacity; <br> AARON JONAS, METCO, Inc., METCO Director, <br> Town of Concord, in his Individual and Official Capacity; <br> DIANA FROST RIGBY, Superintendent, Concord Public <br> Schools, in her Individual and Official Capacity; and <br> JOEL KRAKOW, PRS Specialist, Massachusetts <br> Department of Elementary & Secondary Education (DOE), <br> in his Individual and Official Capacity, <br> Defendants. | | 1:17-cv-11750-WGY |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOEL KRAKOW'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

In accordance with Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Joel Krakow, PRS Specialist, Massachusetts Department of Elementary and Secondary Education ("ESE"), in his Individual and Official Capacity ("Krakow"), submits this memorandum in support of his Motion to Dismiss Plaintiffs' First Amended Complaint (the "Amended Complaint"). Plaintiffs A. Doe, minor child of S. Doe and S. Doe as parent of minor child Aiden Doe (collectively, the "Plaintiffs"), allege violations of 42 U.S.C. § 1983; the Massachusetts Civil Rights Act, M.G.L. c. 12, §§ 11H, I; the Americans with Disabilities Act; the Rehabilitation Act of 1973; Title VI of the Civil Rights Act; M.G.L. c. 76, § 12A; and various state law tort claims against Krakow and others[1].

---

[1] The remaining defendants are separately represented and are not subjects of this motion.

Essentially, the Amended Complaint alleges that Krakow failed to investigate Plaintiffs' claims of discrimination by members of the Concord Public School who are also named defendants in this case. The Amended Complaint also alleges that Krakow was deliberately indifferent to Plaintiffs' equal protection rights by failing to properly investigate allegations that members of the Concord Public School falsified information.

Krakow brings this motion to dismiss all claims against him as barred and as legally deficient. In particular, Plaintiffs' civil rights claims against Krakow in his official capacity should be dismissed because (1) he is not a "person" subject to suit under 42 U.S.C. § 1983 or under M.G.L. c. 12, §§ 11H and 11I; and (2) Plaintiffs fail to allege sufficient facts to state a claim under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Title VI of the Civil Rights Act. These claims should also be dismissed against Krakow in his individual capacity because (1) Plaintiffs fail to allege sufficient facts to state a claim under § 1983 and even if they did, Krakow is entitled to qualified immunity; (2) Plaintiffs fail to allege sufficient facts to state a claim under the M.G.L. c. 12, §§ 11H and 11I; and (3) neither the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, nor Title VI of the Civil Rights Act provide for individual liability. As for Plaintiffs' claim under M.G.L. c. 76, § 12A, that count must be dismissed because the statute does not provide a private right of action to enforce its provisions. Finally, Plaintiffs' state tort claims are barred by the Eleventh Amendment and the Massachusetts Tort Claims Act.

## RELEVANT FACTS[2]

The Metropolitan Council for Educational Opportunity ("METCO") program is a voluntary inter-district school assignment program established to integrate children from

---

[2] The facts in this section are as set forth in the Amended Complaint and treated as true for purposes of this motion only.

racially-imbalanced schools in Boston with children in suburban schools in a public school setting[3]. Am. Compl. ¶¶ 3-4. Plaintiffs claim that A. Doe registered with METCO on October 21, 2010. Am. Compl. ¶ 17. Plaintiffs received a letter confirming that A. Doe's application package was received by Concord Public Schools METCO program for Kindergarten placement in September of 2014. Am. Compl. ¶ 22. On May 20, 2014, S. Doe met with members of the Concord Public School to discuss A. Doe's Individualized Education Program. Am. Compl. ¶ 25. Due to A. Doe's disability, S. Doe was instructed to complete and sign a release waiver allowing direct access to A. Doe's physician and current teacher. Am. Compl. ¶ 27. S. Doe later rescinded all waivers and releases. Am. Compl. ¶ 29. S. Doe claims she was advised by members of the Concord Public School that without access to A. Doe's medical providers, A. Doe's METCO application folder would be returned to METCO. Am. Compl. ¶ 30. In June 2014, S. Doe was advised that A. Doe's METCO folder was returned to METCO and the Concord Public Schools were no longer involved in A. Doe's Kindergarten placement. Am. Compl. ¶ 33. In July 2014, S. Doe filed a complaint against the Concord Public School System with the Massachusetts Department of Education[4]. Am. Compl. ¶ 36. Krakow was assigned to investigate the complaint. *Id.* In October 2014, Krakow concluded his investigation finding that the Concord Public School District was in compliance with Sec. 504 of the Rehabilitation Act of 1973. Am. Compl. ¶¶ 36-37.

     Plaintiffs allege that Krakow closed their ESE complaint without investigating their claim that the Concord Public School members subjected A. Doe to different treatment due to his disability and race. Am. Compl. ¶ 36. Plaintiffs further allege that Krakow failed to investigate

---

[3] Currently, 38 school districts in metropolitan Boston and four school districts outside Springfield participate in the METCO program.
[4] This is a misnomer. The agency where S. Doe filed her complaint, and where Krakow is employed as a Problem Resolution Specialist, is the Massachusetts Department of Elementary and Secondary Education.

their claim that the Concord Public School members intentionally and with deliberate indifference knowingly provided false statements to ESE and Krakow. Am. Compl. ¶ 37.

## STANDARD OF REVIEW

A two-prong approach is utilized to determine whether the allegations in the Amended Complaint are sufficient to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). The first prong is to identify the factual allegations in the complaint, and isolate statements that merely offer legal conclusions couched as facts or are threadbare or conclusory. *Id.* The second prong inquires whether the facts alleged would "[allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court must also be mindful that some allegations may be so threadbare or speculative that "they fail to cross 'the line between the conclusory and the factual.'" *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Under the second prong of the test, the court must be able to reasonably infer the defendant's liability for the alleged misconduct based on the alleged facts. *Iqbal*, 556 U.S. at 678. "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepulveda-Villarini v. Dept. of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) citing *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* quoting *Iqbal*, 556 U.S. at 678. Where factual allegations are merely consistent with a defendant's liability, the complaint falls "short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.

The Court reviews a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) under the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico*, 189 F.3d 1, 14 n.10 (1st Cir. 1999) ("The standard of review ... is the same for failure to state a claim and for lack of jurisdiction."). The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

## ARGUMENT

**I. Plaintiffs' Claims Under 42 U.S.C. § 1983 Should be Dismissed.**

A. Plaintiffs' § 1983 Claims Against Krakow In His Official Capacity Are Barred Because He Is Not A "Person" Amenable to Suit Under That Statute.

Plaintiffs' claims against Krakow under 42 U.S.C. § 1983 in his official capacity must be dismissed because state actors in their official capacities are not "persons" subject to suit under § 1983. In order to bring a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that some "person" acting under color of state law deprived him of "rights, privileges or immunities secured by the constitution." 42 U.S.C. § 1983. It is well-settled, however, that a state agency and state officials in their official capacities are not "persons" subject to suit for damages within the meaning of § 1983. *Brady v. Dill*, 24 F. Supp. 2d 129, 130 (D. Mass. 1998) (citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 70–71 (1989)). Accordingly, § 1983's definition of "persons" requires dismissal of Plaintiffs' § 1983 claims as to Krakow in his official capacity.

B. Plaintiffs' Claims Against Krakow In His Individual Capacity Must Be Dismissed for Failure to State a Claim.

Plaintiffs have failed to state a claim under § 1983 that Krakow, in his individual capacity, violated their constitutional rights. State officials sued in their individual capacities

may be held liable only "on the basis of their own acts or omissions." *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 171 (D. Mass. 2013). These acts or omissions must constitute not "mere negligence" but "amount to a reckless or callous indifference to the constitutional rights of others." *Snell v. DeMello*, 44 F. Supp. 2d 386, 390 (D. Mass. 1999), quoting *Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 92 (1st Cir. 1994). The only factual allegations against Krakow are that he failed to investigate Plaintiffs' ESE complaint. But Plaintiffs do not provide any factual allegations plausibly suggesting that he demonstrated any reckless or callous indifference to Plaintiffs' constitutional rights. Indeed, the exhibits to the Amended Complaint suggest the opposite. Krakow reviewed Plaintiffs' ESE complaint, requested and reviewed a report from the Superintendent of the Concord Public Schools, and reviewed relevant state and federal special education laws and regulations. Am. Compl. Exh. 8. After thoroughly reviewing all documents, Krakow signed a letter to the Plaintiffs that summarizes the Plaintiffs' concerns, summarizes the Concord Public School District's response and indicates that ESE found that there was lack of evidence suggesting that the Concord Public Schools were noncompliant with any educational laws or regulations. After Plaintiffs were notified of ESE's findings, ESE closed the matter. *Id.* Plaintiffs merely rely on conclusory statements, without any factual underpinning, for their claim that Krakow acted with deliberate indifference. Plaintiffs' failure to state any specific allegations that "cross 'the line between the conclusory and the factual'" bars their claim. *See Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011). Accordingly, Plaintiffs' claims against Krakow must be dismissed.

   C. <u>Even if Plaintiffs Have Alleged Sufficient Facts Against Krakow In His Individual Capacity, He is Entitled to Qualified Immunity.</u>

Even if Plaintiffs have alleged sufficient facts to state a § 1983 claim against Krakow – which they have not – he is still entitled to qualified immunity. "The doctrine of qualified

immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* (citations omitted). "[Q]ualified immunity requires merely that a reasonable official could believe that his conduct was lawful…." *Olmeda v. Ortiz-Quinonez*, 434 F.3d 62, 65 (1st Cir. 2006). It protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Under this standard, courts follow a two-step inquiry to determine whether qualified immunity applies.[5] Specifically, courts consider "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (2009), quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The second prong or "clearly established" inquiry, in turn, has two related aspects. *Id.* One aspect focuses exclusively on the clarity of the law at the time of the alleged violation. *Id.* The other aspect considers the specific facts of the case at bar and whether a reasonable defendant would have understood that his conduct violated the plaintiff's rights. *Id.* Thus, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a

---

[5] In undertaking this inquiry, the Supreme Court in *Pearson v. Callahan* noted that this two-prong approach is not a rigid one and federal courts have discretion to administer the components of the qualified immunity test in the order that they determine "will best facilitate the fair and efficient disposition of each case." 555 U.S. 223, 242 (2009). In other words, courts need not address both prongs if plaintiff fails to satisfy one of the prongs. *Id.*.; *Eldridge v. Town of Falmouth*, 662 F.3d 100, 105 (1st Cir. 2011) (dismissing claim against officer under first prong of *Pearson* inquiry because plaintiff failed to allege a constitutional violation).

reasonable [official] that his conduct was unlawful in the situation he confronted." *Id.*

Here, Plaintiffs have not alleged violation of a constitutional right, let alone one that was "clearly established" with respect to Krakow. Rather, Plaintiffs were simply unsatisfied with Krakow's findings that there was insufficient evidence suggesting that the Concord Public Schools were noncompliant with any applicable regulations. But there is no constitutional right to a desired result of an administrative investigation and there is nothing about the situation that Krakow confronted that it would have been clear to a reasonable official in his situation that his conduct was unlawful. In fact, Krakow properly conducted his investigation of Plaintiffs' ESE complaint. He reviewed the relevant documentation as well as state and federal special education laws and regulations. After conducting his review, Krakow and ESE found that there was a lack of evidence suggesting that the Concord Public Schools were noncompliant with any educational laws or regulations. Am. Compl. Exh. 8. Krakow was doing his job and Plaintiffs have not alleged any facts to demonstrate otherwise. Accordingly, Krakow is entitled to qualified immunity.

II. **Plaintiffs' Claims Under the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, Must be Dismissed.**

   A. Plaintiffs' Claims Against Krakow In His Official Capacity Under the MCRA Must Be Dismissed Because Officials Are Not Subject to Suit Under the MCRA.

Plaintiffs' claims under the MCRA against Krakow in his official capacity must be dismissed because the Commonwealth and its agencies are not persons for purposes of the Massachusetts Civil Rights Act ("MCRA"), G.L. c. 12, §§ 11H & I. *Commonwealth v. ELM Medical Laboratories, Inc.*, 33 Mass. App. Ct. 71, 80 (1992) ("We conclude that the Legislature, by enacting the State Civil Rights Act, did not intend to bypass c. 258 and abolish sovereign immunity for the acts described in § 11H"). The law makes no distinction for the purposes of

this analysis between agencies of the State, and public employees of those agencies acting in their official capacities. State officials sued for damages in their official capacity are not "persons" within the meaning of the MCRA because "the law treats the action as against the official's office and [consequently] against the State." *Laubinger v. Dept. of Revenue*, 41 Mass. App. Ct. 598, 602 (1996); *O'Malley v. Sheriff of Worcester County*, 415 Mass. 132, 141 n.13 (1993) (holding "[T]o avoid a State's sovereign immunity to a damages suit, a plaintiff must sue the State official in his individual and not his official capacity"). Accordingly, to the extent Plaintiffs are seeking to hold Krakow liable under the MCRA in his official capacity, Plaintiffs' claims should be dismissed.

B. <u>Plaintiffs' Claims Against Krakow In His Individual Capacity Under the MCRA Must Be Dismissed for Failure to State a Claim.</u>

Plaintiffs' claims against Krakow in his individual capacity are also barred for failure to state a claim. To maintain a claim under the MCRA, the plaintiff must sufficiently allege that: "(1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion.'" *Bally v. Northeastern University*, 403 Mass. 713, 717 (1989); *see* M.G.L. c. 12, § 11I. Courts use a reasonable person standard to determine whether conduct constitutes threats, intimidation, or coercion prohibited by the MCRA. *Cabi v. Boston Children's Hospital,* 161 F. Supp. 3d 136, 149 (D. Mass. 2016). Here, Plaintiffs have failed to meet any of the required components of an MCRA claim. As noted above, there is no constitutional or other legal right to a desired result of an administrative investigation. Further, Plaintiffs fail to allege any facts that Krakow interfered with their rights by threats, intimidation or coercion. Krakow's alleged failure to investigate is

simply not sufficient to satisfy the elements of an MCRA claim. Thus, Plaintiffs' claims under the MCRA must be dismissed as a matter of law.

**III. Plaintiffs Cannot State a Claim under Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act ("RA").**

A. <u>Plaintiffs' Claims Against Krakow in His Individual Capacity Must be Dismissed Because There is No Individual Liability Under Title II of The ADA or Section 504 of the RA.</u>

Plaintiffs cannot assert a claim under Title II of the ADA or Section 504 of the RA against Krakow in his individual capacity. It is well settled that individuals are not liable under Title II of the ADA. *Del-Villar-Rossario v. Puerto Rico Dep't. of Justice*, 573 F. Supp. 2d 496, 503 (D. P.R. 2008) ("[T]here is no individual liability under Title II of the ADA."); *see also Vinson v. Thomas*, 288 F.3d 1145, 1155–56 (9th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)(en banc); *Williams v. Hayman*, 657 F. Supp. 2d 488 (D. N.J 2008) ("Nearly every court that has addressed the question appears to have held that Title II does not authorize suits against government officers in their individual capacities."). The same holds true for claims under the RA unless the individual is "in a position to accept or reject federal assistance" for a program or activity. *Glanz v. Vernick*, 756 F. Supp. 632, 637 (D. Mass. 1991). Plaintiffs have alleged no facts to plausibly suggest that Krakow is in a position to accept or reject federal funds. As such, Plaintiffs cannot state a claim under the RA as to Krakow in his individual capacity. *Id.* Accordingly, Plaintiffs' claims under the ADA and RA against Krakow in his individual capacity must be dismissed.

B. <u>Plaintiffs' Claims Against Krakow In His Official Capacity Must be Dismissed for Failure to State a Claim.</u>

Plaintiffs' claims against Krakow under the ADA and RA in his official capacity must also be dismissed because Plaintiffs fail to allege sufficient facts to state such a claim. To state a claim

for a violation of Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability. *Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006). The same analysis applies for claims under the RA. *Theriault v. Flynn*, 162 F.3d 46, 48 n.3 (1st Cir. 1998) ("Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act, and is to be interpreted consistently with that provision."); *Nunes v. UMass Corr. Health*, No. 10–12013–RWZ, 2013 WL 5505364, at * 1 n.3 (D. Mass. Oct. 3, 2013) ("The liability standards under § 504 of the RA and Title II of the ADA are the same, and courts rely interchangeably on decisional law applying § 504 when applying Title II." (internal quotations omitted)).

Here, even assuming Plaintiffs are qualified disabled individuals, they cannot satisfy the second and third elements of a claim under the ADA or the RA as to Krakow. Specifically, Plaintiffs fail to state a single factual allegation that as a result of Krakow's investigation, they were excluded from participation in a public entity's services or programs, or that Krakow's investigation was motivated by discriminatory animus. Under the ADA or RA, it is not enough that Plaintiffs were qualified disabled individuals. They must also allege factual allegations plausibly suggesting that they were denied services and such denial or discrimination was "by reason of the plaintiff's disability." *See Buchanan*, 469 F.3d at 171 (stating elements of ADA claim); *Twombly*, 550 U.S. at 557 (complaint must plead factual "allegations plausibly suggesting (not merely consistent with)… [an] entitle[ment] to relief"). Plaintiffs' complaint provides no such factual allegations with respect to Krakow and thus their claims under the ADA and RA must be dismissed.

## IV. Plaintiffs Cannot State a Claim Under Title VI of the Civil Rights Act of 1964 Claim.

### A. Plaintiffs' Claims Against Krakow In His Individual Capacity Must be Dismissed Because There is No Individual Liability Under Title VI of the Civil Rights Act of 1964.

Like their claims under the ADA and RA, Plaintiffs' claims under Title VI of the Civil Rights Act of 1964 against Krakow in his individual capacity must be dismissed because there is no individual liability under the statute. *Pollard v. Georgetown School District*, 132 F. Supp. 3d. 208, 230 (2015) ("[I]ndividuals cannot be held liable under Title VI.")

### B. Plaintiffs' Claims Against Krakow In His Official Capacity Must be Dismissed for Failure to State a Claim.

Plaintiffs' claims against Krakow in his official capacity under Title VI must also be dismissed because Plaintiffs fail to allege sufficient factual allegations to state a claim. Plaintiffs must show intentional discrimination to prevail on a Title VI claim under the Civil Rights Act of 1964. *See Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001) ("Title VI itself directly reach[es] only instances of intentional discrimination.") (quoting *Alexander v. Choate*, 469 U.S. 287, 293 (1985). Plaintiffs have not alleged any facts plausibly suggesting that Krakow engaged in any intentional discriminatory conduct. Krakow simply investigated Plaintiffs' ESE complaint. But Plaintiffs do not allege any facts that his investigation or his findings were motivated by intentional discrimination. Accordingly, Plaintiffs' claims must be dismissed.

## V. Plaintiffs' Claim Under M.G.L. c. 76, § 12A Must be Dismissed Because the Statute Does Not Provide a Private Right of Action to Enforce Its Provisions.

Plaintiffs cannot maintain their claim under G.L. c, 76, § 12A because the statute does not provide a private right of action to enforce its provisions. A statutory duty does not necessarily equate to a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (no private cause of action exists unless statute "manifests an intent to create not just a

private *right* but also a private *remedy*") (internal quotations omitted); *Loffredo v. Ctr. for Addictive Behaviors*, 426 Mass. 541, 543 (1998) ("[A] clear legislative intent is necessary to infer a private cause of action from a statute."). Nowhere in § 12A did the Legislature intend to infer a private cause of action to enforce its terms. Rather, the provision simply provides a means by which "[t]he school committee of any city or town … may adopt a plan for attendance at its schools by any child who resides in another city, town, or regional school district in which racial imbalance … exists in a public school." G.L. c. 76, § 12A. Such an aspirational statute simply does not manifest the kind of legislative intent necessary in order to provide a private remedy by which individuals may sue to enforce its terms. Accordingly, Plaintiffs' claim must be dismissed.

## VI. **Plaintiffs' State Tort Claims Must be Dismissed.**

### A. Plaintiffs' Tort Claims Against Krakow In His Official Capacity Are Barred by the Eleventh Amendment.

Finally, Plaintiffs bring various state tort claims including "emotional distress" (Count VI) and "intentional infliction of emotional distress" (Count VII). Plaintiffs' tort claims against Krakow in his official capacity are barred by the Eleventh Amendment and should be dismissed.[6]

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment also bars suits brought for money damages in federal court against a state by its own citizens. *Hans v.*

---

[6] Although this matter was removed to federal court by the other named defendants, Krakow did not consent to removal (and, in fact, the matter was removed before Krakow was served with the complaint), and thus has not waived his right to move to dismiss based on the Eleventh Amendment.

*Louisiana*, 134 U.S. 1, 10 (1890). In the absence of consent or abrogation, the Eleventh Amendment prohibits a federal court case in which the state or one of its agencies or departments is the named defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

It is well settled that the Commonwealth has not waived its Eleventh Amendment immunity with respect to tort claims. *Caisse v. Dubois*, 346 F. 3d. 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); *Rivera v. Massachusetts*, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (Commonwealth has not waived it immunity from suit in federal court to tort claims pursuant to Chapter 258 and federal court lacks both original and supplemental jurisdiction over such claims). Accordingly, Plaintiffs' tort claims must be dismissed.[7]

B. <u>Plaintiffs' Tort Claims Against Krakow In His Individual Capacity Must be Dismissed Because Public Employees Are Immune from Negligence Claims Under the Massachusetts Tort Claims Act ("MTCA").</u>

The MTCA provides the exclusive remedy for tort claims against public employers for personal injuries or property damage allegedly caused by the negligent or wrongful acts of its employees. G.L. c. 258, §§ 1, *et. seq.* ESE is a public employer, and at all relevant times in the Amended Complaint, Krakow was an employee of ESE. Thus, the Plaintiffs' alleged negligence claims against them are controlled exclusively by the MTCA.

---

[7] Even if Plaintiffs' tort claims were not barred by the Eleventh Amendment, they should still be dismissed for failure to present under the Massachusetts Tort Claims Act, G.L. c. 258. G.L. c. 258, § 4 requires that before a civil action can be filed against a public employer, a claimant must "have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose" and await a final written denial of his claim or the passage of six months, whichever is earlier. Courts have applied the language of Section 4 stringently, holding that "presentment must be made in strict compliance with the statute." *Gilmore v. Commonwealth*, 417 Mass. 718, 721 (1994); *Garcia v. Essex County Sheriff's Dept.*, 65 Mass. App. Ct. 104, 107 (2005). Plaintiffs' failure to comply with the presentment requirements of the MTCA bars their claims.

The MTCA precludes suits against public employees for any and all negligent or wrongful acts or omissions which arise while acting within the scope of their employment. G.L. c. 258, Section 2 states in pertinent part:

> Public employers shall be liable for injury or loss of personal property or personal injury . . . caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . . . No such public employee . . . shall be liable for any injury or loss of property or personal injury . . . caused by his negligent or wrongful act or omission while acting within the scope of his office or employment . . . .

Plaintiffs have not alleged that Krakow was not acting within the scope of his employment. To the contrary, Plaintiffs reaffirm that Krakow was at all times acting in his capacity as afforded him from his employment with ESE. Am. Compl. ¶¶ 36, 37. Massachusetts courts have consistently held that public employees are immune from suit by operation of the MTCA. *See Monahan v. Methuen*, 408 Mass. 381, 392 (1990) (public employee immune from liability for alleged negligence); *Schenker v. Binns*, 18 Mass. App. Ct. 404, 405 (1984) (same); *Fratus v. Board of Selectman of Yarmouth*, 17 Mass. App. Ct. 1036, 1037 (1984) (selectman immune from negligence for conduct while acting within scope of office).

Accordingly, because Krakow was an employee of ESE, a public employer, during the time relevant to the Amended Complaint, he is immune from suit under the MTCA and Plaintiffs' tort claims against him must be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendant Joel Krakow requests that this Court dismiss all claims against him in Plaintiffs' First Amended Complaint.

Respectfully submitted,

JOEL KRAKOW,
By his Attorneys,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Tonie J. Ryan*
Tonie J. Ryan, BBO#662888
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200, Ext. 2441
Tonie.Ryan@State.MA.US

Date: November 6, 2017

## CERTIFICATION UNDER LOCAL RULE 7.1

I, Tonie J. Ryan, counsel for Defendant Joel Krakow, hereby certify that, pursuant to Local Rule 7.1(a)(2), on October 30, 2017, I attempted to confer with pro se Plaintiff S. Doe to resolve or narrow the issues concerning the attached Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum in Support of the Motion. Plaintiff S. Doe did not respond and counsel for Defendant Joel Krakow was unable to confer with pro se Plaintiff S. Doe to resolve or narrow the issues.

*/s/ Tonie J. Ryan*
Tonie J. Ryan
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Tonie J. Ryan, Assistant Attorney General, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and copies will be sent by first-class mail to individuals indicated as non-registered participants (if any) on November 6, 2017.

*/s/ Tonie J. Ryan*
Tonie J. Ryan
Assistant Attorney General