UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
A. DOE, minor child; and S. DOE,   )
parent of minor child, A. DOE,     )
                                   )
          Plaintiffs,              )
                                   )
          v.                       )   CIVIL ACTION
                                   )   NO. 17-11750-WGY
JEAN MCGUIRE, Executive Director,  )
METCO, Inc.; METCO, Inc. Board of  )
Directors, in their Individual and )
Official Capacity; JESSICA MURPHY, )
Director of Special Education, in  )
her Individual and Official        )
Capacity; AARON JONCAS, METCO,     )
Inc., METCO Director, Town of      )
Concord, in his Individual and     )
Official Capacity; DIANA FROST     )
RIGBY, Superintendent, Concord     )
Public Schools, in her Individual  )
and Official Capacity; and JOEL    )
KRAKOW, PRS Specialist,            )
Massachusetts Department of        )
Elementary and Secondary Education )
(DOE), in his Individual and       )
Official Capacity,                 )
                                   )
          Defendants.              )
_____)
```

YOUNG, D.J.                                        January 31, 2018

**MEMORANDUM OF DECISION**

**I.    INTRODUCTION**

A. Doe, a minor child, and his parent S. Doe, on behalf of herself and A. Doe (collectively, the "Does"), filed this action

in the Massachusetts Superior Court alleging discrimination against A. Doe on the basis of his race and disability. Three defendants removed the action to this Court, and the Does moved to remand. On December 12, 2017, this Court heard argument on the motion to remand and granted the motion. This memorandum explains that ruling.

## II. FACTUAL & PROCEDURAL BACKGROUND

This action originated in the Massachusetts Superior Court sitting in and for the County of Suffolk, where the Does filed a complaint against the Board of Directors of the Metropolitan Council for Educational Opportunity, Inc. (the "METCO Board of Directors")[1] and Executive Director Jean McGuire ("McGuire"); school officials Jessica Murphy ("Murphy"), Aaron Joncas ("Joncas"), and Diana Frost Rigby ("Rigby")[2]; and Massachusetts

---

[1] On October 26, 2017, the Does voluntarily dismissed the action as against the METCO Board of Directors. See Pls.' Mot. Vol. Dismissal, ECF No. 19.

[2] The Defendants assert that because Rigby is no longer the Superintendent of the Concord Public Schools, the current Superintendent Laurie Hunter is automatically substituted as a party to this complaint pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Defs. Murphy, Joncas, Rigby's Mem. Supp. Mot. Dismiss Pls.' First Am. Compl. ("Defs.' Mot. Dismiss") 1 n.2, ECF No. 22. That rule, however, provides for substitution only when a public officer is a "party in an official capacity." Fed. R. Civ. P. 25(d). Laurie Hunter is thus substituted for Rigby in her official capacity, but because Rigby was named in an individual capacity as well, it would appear that she remains a party in this action. In any event, this issue now falls within the province of the Massachusetts Superior Court and Massachusetts rules of procedure.

[2]

Department of Education official Joel Krakow ("Krakow," and collectively, the "Defendants"). The Does allege that the Defendants deliberately discriminated against A. Doe on the basis of race and disability by denying him access to the public school system of Concord, Massachusetts, and they assert causes of action under 42 U.S.C. § 1983, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and Title VI of the Civil Rights Act of 1964, in addition to various state and common law claims. First Am. Compl. ¶¶ 45-88, ECF No. 1-1.

Murphy, Joncas, and Rigby (the "Removing Defendants") were served with the complaint on September 11, 2017. See State Ct. R. 3, ECF No. 6; Defs.' Opp'n Pls.' Mot. Remand ("Defs.' First Opp'n") 3, ECF No. 15. On September 14, they removed the case to federal court under its federal question jurisdiction. Defs.' Notice Removal, ECF No. 1. McGuire, Krakow, and the METCO Board of Directors were served on September 14, September 22, and October 3, respectively. See State Ct. R. 3; Exs., ECF No. 12. The Does moved to remand, Pls.' Req. Remand ("Pls.' Mot. Remand"), ECF No. 8, and four of the Defendants moved to dismiss, Defs.' Mot. Dismiss, ECF No. 21; see also Def. Krakow's Mot. Dismiss Pls.' First Am. Compl., ECF No. 32.

At oral argument, this Court first heard the motion to remand, as such motions may implicate the Court's subject matter

jurisdiction.  Because it ruled that the case ought be remanded, it did not address (and presently expresses no view on) the motion to dismiss.  See, e.g., Gomes v. Midland Funding, LLC, 839 F. Supp. 2d 417, 420 (D. Mass. 2012) (Gorton, J.) (denying defendant's motion to dismiss as moot upon granting plaintiffs' remand motion); Pinnacle Serv. Sols. Grp., Inc. v. AXA Equitable Life Ins. Co., 831 F. Supp. 2d 523, 528 (D. Mass. 2011) (Collings, M.J.) (reserving motion to dismiss for state court after granting motion to remand).

**III. DISCUSSION**

The Does claim that removal under 28 U.S.C. § 1441(a) was improper because (i) the Defendants did not all consent to the removal and (ii) the Court lacks subject matter jurisdiction. Pls.' Mot. Remand 1-3.  Because the Defendants have not satisfied their burden of demonstrating compliance with the unanimity requirement, the Court need not address whether it otherwise has subject matter jurisdiction over the claims.

    **A.  Standard of Review**

Pursuant to 28 U.S.C. § 1446, a defendant wishing to remove an action to federal court must file a notice of removal within 30 days of the defendant's receipt of the initial pleading or summons.  Where a complaint names multiple defendants, all of the defendants must consent to the removal.  See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under

section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal . . . ."); Chicago, Rock Island and Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). Defendants generally "are not required to join in the petition," however, "if they have not yet been served with process at the time the petition is filed." Karpowicz v. Blue Cross & Blue Shield of Mass., Inc., Civ. A. No. 96-10050-MLW, 1996 WL 528372, at *3 (D. Mass. Aug. 19, 1996) (Wolf, J.).

While "[t]he defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect" and thus may be waived, a plaintiff has thirty days in which to object and move to remand based on the procedural defect. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009); see also 28 U.S.C. § 1447(c). Once a plaintiff so moves, "the burden is upon the removing party to show . . . that removal is proper." Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995). In making such determinations, courts ought bear in mind "the principle that removal statutes are to be narrowly construed." Esposito, 590 F.3d at 76.

**B. Consent to Removal**

Only three of the six named defendants -- the three Removing Defendants -- joined the notice of removal filed on

[5]

September 14, 2017.[3]  See Defs.' Notice Removal.  The Removing Defendants claim, however, that the exclusion of McGuire, Krakow, and the METCO Board of Directors[4] from the notice of removal is immaterial because these parties had not yet been served.  Defs.' First Opp'n 3.  Though they recognize that McGuire was in fact served on September 14, the same day as the notice of removal was filed, the Removing Defendants maintain that they did not need to obtain her consent because there was no proof of service on file with the Suffolk County Superior Court at the time of removal.  Defs.' Opp'n Mot. File Am. Mot. Remand ("Defs.' Second Opp'n") 1-2, ECF No. 16.  They further submit that because an attorney for Krakow filed an appearance in federal court on October 16, before the expiration of Krakow's thirty-day period, Krakow can be deemed to have timely consented.  Id. at 2.

The Removing Defendants' argument relies on the common exception to the unanimity rule that defendants who have not yet been served at the time the removal notice is filed need not consent to the removal.  This exception stems from the language of section 1446(b)(2)(A), which states that "all defendants who

---

[3] The Removing Defendants were also the only defendants to file an opposition to the motion to remand, though attorneys for Krakow and McGuire appeared at oral argument.

[4] Though the METCO Board of Directors is no longer a party to this action, see supra note 1, it was a named defendant at the time of removal.

<u>have been properly joined and served</u> must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added); see <u>Karpowicz</u>, 1996 WL 528372 at *3. Though the Removing Defendants' interpretation of this exception is generally correct, their argument fails for several reasons.

First, courts in the First Circuit have consistently ruled that the consent requirement ought not be waived if all of the defendants were served within thirty days of one another -- that is, if the removing defendant had the opportunity to consult with its codefendants before filing notice of removal. <u>See, e.g.</u>, <u>Karpowicz</u>, 1996 WL 528372 at *7; <u>Hill</u> v. <u>Phillips, Barratt, Kaiser Eng'g Ltd.</u>, 586 F. Supp. 944, 946 (D. Me. 1984). For example, Judge Wolf in <u>Karpowicz</u> held that the removal of a case was invalid because the defendant "had more than 10 days to persuade [a codefendant] to agree to removal" before the codefendant's 30-day time limit under section 1446 expired. <u>Karpowicz</u>, 1996 WL 528372 at *7. Though these cases involve situations where a <u>later-served</u> defendant failed to obtain the consent of an <u>earlier-served</u> defendant, the logic ought still apply where an earlier-served defendant removes the action so needlessly early that it deprives defendants served only days later of the opportunity to reject the removal.

Here, the defendants were all served within thirty days of one another. Given the timing of service on their codefendants,

[7]

the Removing Defendants had 27 days to procure McGuire's consent before the expiration of their removal window on October 11; 19 days to obtain Krakow's consent; and 8 days to obtain consent from the METCO Board of Directors. Instead, they chose to file the notice of removal three days after receiving the complaint, without consulting any other codefendant. Under these circumstances, excusing unanimity would deviate from the longstanding principle that each defendant has the right to exercise an "absolute veto over removal." Garside v. Osco Drug, Inc., 702 F. Supp. 19, 21 (D. Mass. 1988) (Tauro, J.).

Second, even assuming that the appearance of an attorney on behalf of Krakow constitutes a sufficient manifestation of consent within Krakow's thirty-day removal window (which itself is questionable given that "courts typically require some type of writing that evinces consent," Esposito, 590 F.3d at 76), the Removing Defendants needed the consent of McGuire, which they do not claim to have obtained. Strict construal of the removal statutes compels the conclusion that the Removing Defendants were required to obtain McGuire's consent because she was served on the same day as the notice of removal was filed. The removal statute does not require the consent of "all defendants whose proof of service is on file"; rather, it requires the consent of "all defendants who have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Allowing defendants to use proof of

service as a proxy for actual service would be particularly ill-advised in Massachusetts, where "[f]ailure to make proof of service . . . 'does not affect the validity of the service.'" Sindi v. El-Moslimany, Civ. A. No. 13-10798-GAO, 2014 WL 1281522, at *1 (D. Mass. Mar. 26, 2014) (O'Toole, J.) (quoting Mass. R. Civ. P. 4(f)).[5]

Basic dictates of fairness also suggest that McGuire's right to object to removal should not be vitiated merely because the Removing Defendants saw no proof of service on the docket. This Court agrees with the conclusions of other courts confronting similar situations that a removing defendant must exercise reasonable diligence, beyond a glance at the docket, in attempting to discern the status of service on codefendants and obtain unanimous consent. See, e.g., Aqua-Gulf Transp., Inc. v. Twin Cty. Transp., No. Civ. A. 06-1952(JLL), 2006 WL 3591291, at *4 (D.N.J. Dec. 11, 2006) ("Even where . . . no counsel has made an appearance . . . and no proof of service has been filed with respect to that named defendant, the removing defendant

---

[5] It also bears mentioning that proof of service was filed on September 18, see State Ct. R. 3, and thus the Removing Defendants had ample opportunity to obtain McGuire's consent and cure this defect within their thirty-day window or even outside of it. See Esposito, 590 F.3d at 77 (concluding that defendant expressed consent and cured unanimity defect by joining opposition to plaintiff's remand motion). They failed to avail themselves of this option and do not claim to have made an effort to do so.

nevertheless has the duty to insure that such named defendant has consented to the removal."); Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996) ("A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence."); Prowell v. West Chem. Prod., Inc., 678 F. Supp. 553, 555 (E.D. Pa. 1988); cf. Milstead Supply Co. v. Casualty Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992) (excusing lack of unanimity where, among other reasons, the removing defendant had been "more than reasonably diligent" in attempting to ascertain whether codefendant had been served). Thus, McGuire's lack of consent renders the Defendants' notice of removal fatally defective.

Third, even if the Removing Defendants were not required to obtain any other defendant's consent, their removal notice is still defective. Though the First Circuit does not seem to have spoken to this issue, other circuits have held that when a defendant files a notice of removal without obtaining the consent of all codefendants, the defendant must explain the absence of unanimous consent in the notice of removal. See, e.g., Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants."); Wright v. Missouri Pac. R. Co., 98 F.2d 34, 36 (8th Cir. 1938) (reversing

retention of federal jurisdiction where removal petition failed to allege the ground on which consent of a codefendant was unnecessary).  The Removing Defendants here fail to make any mention of the unanimity requirement in their notice of removal.  See Defs.' Notice Removal.  Moreover, they seem not to have undertaken any effort to amend the notice of removal.  Consequently, even if the Removing Defendants did not need the consent of the three other defendants, the case should be remanded on the basis that the notice of removal is defective.

Finally, the Removing Defendants incorrectly assert that it was necessary to file this motion without the consent of the other parties because they otherwise would have forfeited their right to remove under the "first-served defendant rule."  Defs.' First Opp'n 3.  It is worth noting that this Court has rejected the first-served defendant rule, see BCCTC Assocs., Inc. v. Summerdale/AAHFI, L.P., 656 F. Supp. 2d 208, 213 (D. Mass. 2009), but more importantly, the 2011 amendments to section 1446 all but abrogated this rule, see 28 U.S.C. 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").  Even if the first-served defendant rule were still in effect, however, it would not excuse the Removing Defendants'

[11]

noncompliance with the unanimity requirement. This judicially crafted rule provides only that a "first-served defendant [who] fails to file the notice of removal during his thirty day period . . . definitively forfeits his right to remove." BCCTC Assocs., 656 F. Supp. 2d at 213. Though it relates to the issue of consent, the rule was developed to resolve claims of untimeliness, where later-served defendants filed a notice of removal after the removal period for earlier-served defendants had expired. See id.; Gorman v. Abbott Labs., 629 F. Supp. 1196, 1201 (D.R.I. 1986); Hill, 586 F. Supp. at 946.

In other words, the Removing Defendants appear to be confusing their obligation to remove on a timely basis with their obligation to obtain unanimous consent. In BCCTC Associates, this Court observed that timely notice by one group of defendants "does not guarantee removal because the consent of all other defendants is required," recognizing that "[i]t is crucial to distinguish the ability to file the notice and the ability to consent." Id. at 214 & n.4. Here, though the first-served Removing Defendants' notice of removal was timely, removal was improper because they made no attempt to obtain the consent of the latter-served defendants, despite having the opportunity to do so within their thirty-day removal window. This conclusion strikes a fair compromise between the interest of the first group to preserve their right to remove and the

interest of the second group to participate in "[this] matter of trial strategy."  Garside, 702 F. Supp. at 21.

**IV.  CONCLUSION**

For the foregoing reasons, this Court on December 12, 2017 granted the Does' motion to remand and remanded this case to the Massachusetts Superior Court sitting in and for the County of Suffolk.  See ECF No. 47, No. 48.

/s/ William G. Young<br>
WILLIAM G. YOUNG<br>
DISTRICT JUDGE